## Case No. 10,966.

### PENTLETON v. FORBES.

[1 Cranch, C. C. 507.] 1

Circuit Court, District of Columbia. July Term, 1808.

DEPOSITION—MANNER OF TAKING—OATH—NOTICE.

A judge who takes a deposition under the act of congress [1 Stat. 73] must certify that the witness was cautioned and sworn to testify the whole truth, and that notice was given to the adverse party, or the reason why it was not given.

Debt by the plaintiff as assignee of a promissory note made by the defendant.

Mr. Youngs, for defendant, offered to read a deposition which had been taken under the act of congress, without notice, before Judge Parker, in Virginia, who certified that it was written by himself, and subscribed and sworn to by the deponent, and that the deponent resided more than one hundred miles from the county of Alexandria, and District of Columbia.

The judge did not state any reason for not giving notice to the plaintiff, nor that the deponent was cautioned and sworn to speak the whole truth, nor the reason of taking the deposition, nor the distance of the place of caption.

THE COURT (DUCKETT, Circuit Judge, absent) rejected the deposition, because the judge had not certified that the witness was cautioned and sworn to testify the whole truth; nor whether the plaintiff was notified of the time and place of caption; nor the precise place of caption. (It was said to be in Westmoreland county, Virginia.) Nor did he certify the place of residence of the plaintiff or his agent.

PENTZ (DORGAN v.). See Case No. 4,121.

PENTZ (DUGAN v.). See Case No. 4,121.

## Case No. 10,967.

### PEOPLE v. CANNON.

[By the territorial court of Utah. See 14 Int. Rev. Rec. 149.]

## Case No. 10,968.

### PEOPLE v. GRAY.

[See 66 Cal. 271, 5 Pac. 240.]

## Case No. 10,969.

### PEOPLE v. SMITH.

[See U. S. v. Smith, Case No. 16,342.]

### PEOPLE OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the names of the states; e. g. "People of the State of Illinois v. Chicago & A. R. Co. See Illinois v. Chicago & A. R. Co."]

1 [Reported by Hon. William Cranch, Chief Judge.]

PEOPLE'S BANK (NATIONAL PARK BANK v.). See Case No. 10,049.

PEOPLE'S INS. CO. (ROBBINS v.). See Case No. 11,885.

## Case No. 10,970.

### In re PEOPLE'S MAIL STEAMSHIP CO.

[3 Ben. 226; 1 2 N. B. R. 552 (Quarto, 170).]

District Court, E. D. New York. April, 1869.

BANKRUPTCY — LIEN ON BANKRUPT'S PROPERTY—
COLLISION.

1. Where the marshal had taken possession, under an order of the bankruptcy court, of the property of a bankrupt, including a steamship, and, after the assignee in bankruptcy was appointed, delivered over the keys of the vessel to the assignee, and remained in charge of her on behalf of the assignee, and thereafter a libel was filed against the vessel, to recover damages for a collision which occurred before the adjudication in bankruptcy, on which libel process was issued to the marshal: Held, that the libellants must be enjoined from attempting to hold the vessel, or interfering with her in the hands of the assignee.

[Cited in Re Dole, Case No. 3,965; Re Oregon Iron Works, Id. 10,562; Re Litchfield, 13 Fed. 866.]

2. If the libellants had a prior lien on the vessel, it must be enforced by being submitted to the arbitrament of the bankruptcy court.

[Cited in Re Brinkman, Case No. 1,884.]
[Cited in Clifton v. Foster, 103 Mass. 236.]

In bankruptcy.

Beebe, Donohue & Cooke, for assignee.

Foster & Thomson, for West and Nettleton.

BLATCHFORD, District Judge. In this case, the bankrupts were declared such on the 23d of January, 1869. An assignee was chosen on the 20th of February, 1869. The marshal of this district, under an order made by this court, on the 16th of January, 1869, under the 40th section of the bankruptcy act [of 1867 (14 Stat. 536)], took possession provisionally, on or about that day, of all the property of the bankrupts, including the steamship Emily B. Souder. On or immediately after the 20th of February, 1869, the deputy marshal who was in charge of that vessel gave up the keys of it, by direction of the marshal, to the assignee, and thereafter remained in charge of the vessel on behalf of the assignee. On the 3d of March, 1869, Joseph West and Thomas Nettleton filed a libel in rem in this court, in admiralty, against the said vessel, claiming $1,405.28 damages for a collision which occurred between her and the steamer Beaufort, on the Mississippi river, on the 27th of June, 1868. On this libel a monition was issued to the marshal, on the 3d of March, 1869, returnable on the 23d of the same month, commanding him to attach the vessel. To that monition the marshal made return, that he, on

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]